IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIME HYDRATION LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-01260-L |
| | § | |
| RYAN GARCIA, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT RYAN GARCIA'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

BLANK ROME LLP

Barrett R. Howell
TX Bar No. 24032311
200 Crescent Court, Suite 1000
Dallas, TX 75201

Craig Weiner (*pro hac vice forthcoming*)
NY Bar No. 2468239
Reena Jain (*admitted pro hac vice*)
NY Bar No. 5218862
1271 Avenue of the Americas
New York, NY 10020

*Counsel for Defendant Ryan Garcia*

Prime rebuts none of the arguments in Garcia's opening brief and thus the Complaint must be dismissed with prejudice and Garcia should be awarded his attorneys' fees and costs.

## A. Federal Rule of Civil Procedure 12(b)(6) Requires Dismissal of the Claims

### 1. The Defamation Claim Should Be Dismissed

Prime's opposition does nothing to overcome its failure to allege that Garcia made a defamatory assertion of fact about the company and its products, let alone with actual malice. Given the falling out between Ryan Garcia and Logan Paul—who are far from best friends like Ryan Reynolds and Hugh Jackman (Dkt. 14 ("Opp.") at 2)—a reasonable reader would recognize the challenged statements as opinion. This Court should thus dismiss the defamation claim.

#### a. The challenged statements are opinion, not fact.

The challenged statements—made on social media in the midst of a yearslong, public feud between Garcia and Paul—are neither objectively verifiable nor understood to convey verifiable facts. *See* Dkt. 10 ("Open.") at 5–9. Even if a statement is verifiable, "it cannot give rise to liability if 'the entire context in which it was made' discloses that it was not intended to assert a fact."[1] *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 638 (Tex. 2018) (citation omitted). And although Prime offers five arguments as to why the statements are purportedly not opinion, all of those arguments fail:

First, the challenged statements that "[Garcia] has 'real proof' of Prime hydration drinks causing seizures in children, based on 'a lot of nurses'" (Dkt. 1 ("Compl.") ¶ 32) does not suggest the *other* challenged statements are based on undisclosed facts. *See* Opp. at 2–3. In any event, because Prime insists that Garcia's "proof from nurses" is "pure fabrication" (Compl. ¶¶ 36, 39),

---

[1] Prime claims "[t]he Court should deny Garcia's Motion based solely for its failure to address Statement No. 4" (Opp. at 6), but as Garcia explained, it fails the context test. *See* Open. at 8–9.

a reasonable person would not interpret the challenged statements to be based on undisclosed facts.

Second, the statement that "Prime's team has … 'raped' children" (Compl. ¶ 35) is rhetorical hyperbole that a reasonable person would not conclude to be "accusations about committing heinous sex crimes" (Opp. at 9). *See, e.g.*, *Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 359, 365–67 (Tex. 2023) (statement plaintiffs "murder innocent unborn children" is opinion); *Torain v. Liu*, 2007 WL 2331073, at *3 (S.D.N.Y. Aug. 16, 2007) (statements plaintiff is a "pedophile" are opinion).

Third, nowhere does Garcia literally "cry 'this is my opinion.'" *Compare* Opp. at 9, *with* Compl. ¶¶ 29–35. Rather, the hyperbolic terms and entire context of the challenged statements make obvious that the statements are opinion.

Fourth, Prime conflates "opinion," "falsity," and "actual malice," but in any event, Prime does not sufficiently allege that Garcia bases his opinion on "incorrect, incomplete, or erroneous 'facts' which he knows are false." Opp. at 10. Furthermore, Garcia does not "claim[] that because he published his statements on the Internet, there is no expectation of *accuracy*." *Id.* (emphasis added). Instead, Garcia argues that a reasonable person would understand his statements to convey opinion because they were made on social media in the midst of another one of his public feuds. *See, e.g.*, *Jacobus v. Trump*, 51 N.Y.S.3d 330, 342–43 (Sup. Ct. N.Y. Cnty. 2017) (in the context of "Trump's regular use of Twitter to circulate his positions and skewer his opponents and others who criticize him," "a reasonable reader would recognize [Trump's Tweets] as opinion, even if some of the statements, viewed in isolation, could be found to convey facts").[2]

---

[2] Prime's cases are inapposite. *See Beneficient v. Gladstone*, 2024 WL 2338256 (E.D. Tex. May 22, 2024) (an article and Tweet by an investigative reporter for *The Wall Street Journal*); *Unsworth v. Musk*, 2019 WL 4543110 (C.D. Cal. May 10, 2019) (one-sided Tweets, compounded by emails to a specific reporter, by Elon Musk about a caver); *Sanders v. Walsh*, 162 Cal. Rptr. 3d 188 (Dist. Ct. App. 2013) (specific statements made on RipoffReport.com, yelp.com, and

And fifth, the particular statements that Prime alleges are defamatory (Opp. at 2–3) are opinion; it is of no consequence what Garcia *may* say in the remainder of the four "videos," totaling about 2.5 hours. Nevertheless, the full "videos" from Garcia's personal social media accounts and, in one instance, a third-party, YouTube-based podcast are also opinion given their entire context.[3]

### b. Even if the statements are factual, they are not false.

Even if the challenged statements were factual in nature, the defamation claim must still fail because Prime does not plead sufficient facts to support the falsity element for each challenged statement. That is underscored by the *existence* of (i) a class action alleging heightened levels of caffeine in Prime Energy; (ii) a class action alleging forever chemicals in Prime Hydration; and (iii) a letter from Senator Schumer calling for the FDA to investigate both products. *See* Dkt. 11 ("App.") Exs. 1–2, 4. And although Prime argues "[n]othing in the Complaint, or even in the Motion, suggests that Garcia was aware of the lawsuits or ever saw any documents related to the lawsuits" (Opp. at 8), the Complaint suggests otherwise. *See* https://www.youtube.com/watch?v=a8sFmmGjCM8&t=361s (cited at Compl. ¶ 32, n.24) ("a lawsuit … a consumer class action over allegations the drink contains toxic chemicals").

### c. Prime does not sufficiently allege actual malice.

Prime—"a beloved world-renown brand," owned by celebrity Logan Paul, and "one of the fastest growing beverage brands in history, generating over 1.2 billion dollars in revenue in 2023 alone" (Compl. ¶¶ 1, 2)—is indisputably a public figure corporation. *See Snead v. Redland*

---

merchantcircle.com by seller about purchaser); *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011) (anonymous online postings and videos purportedly by one litigant against another). In *Tatum*, however, a newspaper op-ed piece, in context, was found to be an opinion. 554 S.W.3d 614, 639–40.

[3] Prime's cases are distinguishable. *See Scripps NP Operating, LLC v. Carter*, 567 S.W.3d 1 (Tex. App.—Corpus Christi-Edinburg 2016) (*Corpus Christi Caller-Times* newspaper articles); *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103 (Tex. 2000) (KTRK-TV news broadcast).

*Aggregates Ltd.*, 998 F.2d 1325, 1329 (5th Cir. 1993).[4] Accordingly, Prime must allege that Garcia made each challenged statement with actual malice. The Complaint, however, does not sufficiently allege that Garcia knew his statements were false or entertained serious doubts as to their truth. *See, e.g.*, *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744–45 ("Such scant assertions"—"[defendants] [were] fully aware of the falsity of their statements but continued making them"—"are insufficient to allow the court to infer more than the mere possibility of misconduct.").[5]

"His dislike of Prime and some of its founders" (Opp. at 12) does not matter. Even if "lack of care or an injurious motive" may *support* other allegations of malice, Prime needed to have alleged something more than simple dislike. *See Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 430 (5th Cir. 2009) ("'A lack of care or an injurious motive in making a statement *is not alone proof of actual malice*'" (emphasis added)); *see, e.g.*, *Tyson v. Austin Eating Disorders, LLC*, 2013 WL 4774757, at *2–3 (W.D. Tex. Aug. 30, 2013) (granting motion to dismiss because plaintiff "has been unable to plead any facts in support of actual malice, other than those showing [defendant] generally disliked [plaintiff]"). And the other, purported factors Prime alludes to are neither applicable nor alleged in the Complaint. *See* Opp. at 12.

### d. Prime does not sufficiently allege actual damages.

Prime's wholesale assertion—"all 18 of [Garcia's] statements are defamation *per se*"—is

---

[4] Prime's cases are not analogous because in each case, the complaint did not contain sufficient facts to establish public figure status. *See MiMedx Grp., Inc. v. DBW Partners LLC*, 2018 WL 4681005, at *6 (D.D.C. Sept. 28, 2018) (plaintiff is a medical-products corporation); *Fridman v. Bean LLC*, 2019 WL 231751, at *4–5 (D.D.C. Jan. 15, 2019) (plaintiffs are three Russian businessmen).

[5] Prime's cases are distinguishable because in each case, plaintiff alleged specific facts in support of actual malice. *See Butowsky v. Folkenflik*, 2019 WL 3712026, at *10–12 (E.D. Tex. Aug. 7, 2019); *Allen v. Heath*, 2016 WL 7971294, at *8 (E.D. Tex. May 6, 2016), *adopted by*, 2016 WL 3033561 (E.D. Tex. May 27, 2016); *Bostic v. Daily Dot, LLC*, 2023 WL 2317789, at *11 (W.D. Tex. Mar. 1, 2023).

without merit. Opp. at 12. The statements "Prime's team are 'devil worshipers' who 'work' with Satan" (Compl. ¶ 35) do not constitute defamation *per se*. *See, e.g.*, *Ogle v. Hocker*, 2005 WL 8169238, at *2 (E.D. Mich. June 1, 2005) (statements plaintiff is the "devil" and a "false prophet" not defamatory *per se*).[6] Prime must plead actual damages, but its conclusory allegations of damages are not sufficient.

### 2. The Business Disparagement Claim Should Be Dismissed

The failure to state a claim for defamation notwithstanding, the business disparagement claim should be dismissed because Prime fails to sufficiently allege special damages—an essential element. "The Fifth Circuit has mandated that plaintiffs *allege* a 'direct, pecuniary loss' attributable to a defendant's false communications to succeed on a business disparagement claim.'" *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, 2017 WL 3086035, at *2 (N.D. Tex. Jul. 20, 2017) (emphasis added) (citing *Johnson v. Hospital Corporation of America*, 95 F.3d 383, 391 (5th Cir. 1996)). However, the conclusory allegations that "Garcia's lies caused Prime to (1) lose millions in sales, (2) lose enterprise value, incur significant reputational harm, and suffer damage to its brand and goodwill, and (3) incur costs to correct the record" (Opp. at 13) do not meet the requisite pleading standard. *See, e.g.*, *I Love Omni*, 2017 WL 3086035, at *2 (allegation plaintiff "suffered special damages, including, lost income, associated with lost business relationships and lost sales from individuals who heard and relied on Defendant's disparaging statements" insufficient); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (allegation plaintiff "suffer[ed] lost profits and lost goodwill/business reputation" insufficient).[7] Because Prime has alleged no facts from which this Court can reasonably infer

---

[6] Similarly, *Moore v. Waldrop*, cited by Prime, found the statement "You don't want to hire him, he's a crook" not defamatory *per se*. 166 S.W.3d 380, 383–87 (Tex. App.—Waco 2005, no pet.).
[7] Prime's cases are distinguishable because in each case, plaintiff pled facts sufficient for the court

5

Garcia's statements caused Prime to suffer a pecuniary loss, the business disparagement claim should be dismissed.

### 3. The Lanham Act False Advertising Claim Should Be Dismissed

Prime's attempt to remedy its federal false advertising claim is devoid of both applicable case law and factual support, and thus this Court should dismiss the claim and award Garcia his attorneys' fees pursuant to 15 U.S.C. § 1117(a).

<u>First</u>, Prime's contention that "Garcia's statements are commercial advertising [because] Prime alleges repeatedly that it is" (Opp. at 14) is entirely circular. Even assuming the Complaint adequately alleges that "[Garcia] makes money when his social media posts get viewership traction" or "[h]e is also promoting his *forthcoming* drink company"[8] (*id.* (emphasis added)), the statements were not made "'for the purpose of influencing consumers to buy defendant's goods or services'" rather than Prime Energy or Prime Hydration. *See Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996) (citation omitted). Courts routinely dismiss Lanham Act claims where, as here, the allegation is that the challenged statements are causing consumers to refrain from transacting business with the plaintiff, as opposed to inducing them to purchase the defendant's goods or services instead. *See, e.g.*, *Transcom Enhanced Servs., Inc. v. Qwest Corp.*, 2010 WL 2505606, at *4 (N.D. Tex. June 18, 2010) ("plaintiff has failed to allege that any statements of defendant were for the purpose of influencing consumers to buy defendant's goods

---

to reasonably infer defendant's statements caused *specific* economic loss. *See Marquis v. OmniGuide, Inc.*, 2011 WL 321112, at *7 (N.D. Tex. Jan. 28, 2011); *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 2019 WL 4860959, at *4 (N.D. Tex. Oct. 2, 2019). And although Prime argues this "issue is meant for discovery" (Opp. at 14), "before proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief." *Moser v. Omnitrition International, Inc.*, 2018 WL 1368789, at *4 (N.D. Tex. Mar. 16, 2018) (Lindsay, J.) (granting motion to dismiss because sufficient facts for special damages were not pled).

[8] In the Complaint, Prime merely alleges: "Garcia *intends to 'start* [his] own drink company.'" Compl. ¶ 38 (emphasis added).

or services"); *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, 2004 WL 833595, at *17 (N.D. Tex. Apr. 19, 2004) ("there is no commercial attempt to entice consumers to switch from the services offered by MCW to the services offered by the defendants"). In any event, Garcia—with his purported social media advertising and nonexistent drink company—is not a direct competitor of Prime.

And second, Prime does not sufficiently allege that the statements materially deceived its customers. Contrary to the opposition, nowhere in the Complaint does Prime allege: "People are less likely to buy Prime because Garcia scares them into thinking it is poison and that its personnel are criminals." *Compare* Opp. at 16, *with* Compl. That assertion also lacks any factual support.[9] And while Prime relies on a Second Circuit decision to argue it is excused from pleading "material deception" (Opp. at 15), even if Prime does not need to allege consumer deception, it still needs to allege materiality, which it fails to do. *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 n. 3 (2d. Cir. 2007).

### 4. The Unfair Competition Claim Should Be Dismissed

Because Prime argues that its unfair competition claim is premised on its false advertising and business disparagement claims (Opp. at 15), and those claims should be dismissed (*see* Sections A.2, A.3, *supra*), the unfair competition claim should be dismissed. *See, e.g.*, *Philips N. Am. LLC v. Image Tech. Consulting LLC*, 2024 WL 3184770, at *9 (N.D. Tex. June 26, 2024) (granting Rule 12(b)(6) motion to dismiss unfair competition claim because the independent torts it was based on were dismissed); *Clarke Products, Inc. v. MoniLisa Collection, Inc.*, 2011 WL 13234901, at *3 (W.D. Tex. Nov. 16, 2011) (same); *DirecTV, Inc. v. Nguyen*, 2003 WL 27381297,

---

[9] *Molzan v. Bellagreen Holdings, L.L.C.*, cited by Prime, is distinguishable. 112 F.4th 323, 334 (5th Cir. 2024) ("That customers are confused is confirmed by the reviews of Bellagreen on Google, Trip Advisor, and Yelp.").

at *2 (S.D. Tex. Oct. 28, 2003) (same).[10]

### 5. The Unjust Enrichment Claim Should Be Dismissed

Contrary to Prime's opposition, *this Court* does not recognize unjust enrichment as an independent cause of action under Texas law. *See DeWolff, Boberg & Assocs. v. Pethick*, 2022 WL 4589161, at *1 (N.D. Tex. Sept. 29, 2022) (Lindsay, J.) ("As this and other district courts have previously explained, unjust enrichment is not a separate cause of action."); *Clapper v. Am. Realty Investors, Inc.*, 2019 WL 5865709, at *9 (N.D. Tex. Nov. 7, 2019) (Lindsay, J.) ("Texas law does not recognize an independent cause of action for unjust enrichment").[11] Even if, as Prime argues, "'unjust enrichment is an independent cause of action under Texas law'" (Opp. at 16), the Complaint does not allege that Garcia wrongfully or passively received a benefit from Prime that would be unjust to retain. *See, e.g., Elias*, 781 Fed. Appx. at 339 (affirming dismissal of unjust enrichment claim because "the complaint fails to plausibly state that [defendant] 'has obtained a benefit from' [plaintiff]"). The unjust enrichment claim should accordingly be dismissed.

### B. The Texas Citizens Participation Act Requires Dismissal of the State Law Claims

As set forth in the opening brief, this Court should dismiss the state law claims and award Garcia his attorneys' fees and costs pursuant to the TCPA. Tex. Civ. Prac. & Rem. Code

---

[10] Prime's cases are inapposite because in each case, the unfair competition claim was based on a cognizable, independent tort. *See Fringe Ins. Benefits, Inc. v. Beneco, Inc.*, 2015 WL 631181, at *6 (W.D. Tex. Feb. 11, 2015); *Vill. Farms, L.P. v. Mastronardi Produce, Ltd.*, 2014 WL 12492040, at *2 (W.D. Tex. Feb. 25, 2014); *Vendever LLC v. Intermatic Mfg.*, 2011 WL 4346324, at *6 (N.D. Tex. Sept. 16, 2011).

[11] Prime's cases are inapplicable. The Fifth Circuit in *Elias v. Pilo* noted that "[c]ourts of appeals in Texas appear split on whether unjust enrichment is an independent cause of action," but did "not resolve this issue." 781 Fed. Appx. 336, 338 n.3 (5th Cir. 2019). While the *Elias* court "*assume[d]* that unjust enrichment is an independent cause of action under Texas law," it did so only "[f]or the purposes of th[e] appeal." *Id.* at 338 (emphasis added). And despite Magistrate Judge Ramirez's opinion in *Scott v. Wollney*, 2021 WL 4851852 (N.D. Tex. Sept. 10, 2021), she subsequently held that "'[u]njust enrichment is not an independent cause of action under Texas law.'" *MedARC, LLC v. Aetna Health Inc.*, 2022 WL 1057085, at *6 (N.D. Tex. Feb. 3, 2022) (citation omitted).

§§ 27.005(b), (c); *id.* § 27.009(a)(1). Indeed, Prime has no clear and specific evidence to support claims it cannot adequately plead. *See* Sections A.1, A.2, A.4, A.5, *supra*. And because the "preponderance of the evidence" requirement was removed from the TCPA, *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), does not prohibit dismissal.

C. **Prime's Request to Strike the Motion to Dismiss and Appendix Should Be Denied[12]**

Prime's argument that this Court should strike Exhibits 1, 2, and 4[13] of the Appendix, as well as a citation in the preliminary statement of the Motion to Dismiss, is without merit. As a threshold matter, Prime's allusion to a motion to strike under Rule 12(f) (Opp. at 19 n.5) is procedurally improper. Rule 12(f) does not authorize this Court to strike the Motion to Dismiss or Appendix. *See Winegarner v. Hartz*, 2018 WL 718478, at *3 (N.D. Tex. Jan. 16, 2018) ("it is generally accepted that '[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings'"), *adopted by*, 2018 WL 704852 (N.D. Tex. Feb. 5, 2018) (Lindsay, J.); *see also* Fed. R .Civ. P. 7(a).

And although the challenged material is not necessary for this Court to dismiss the claims against Garcia, this Court may consider the documents because they are "matters of public record." *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Specifically, this Court may take judicial notice of the *existence* of the pending class actions (App. Exs. 1, 2), as well as the letter from Senator Schumer to the FDA (App. Ex. 4). *See, e.g.*, *SB Int'l, Inc. v. Jindal*, 2007 WL 1411042, at *2 (N.D. Tex. May 14, 2007) (cited by Prime) ("If the defendant wishes the court to take judicial notice of the fact that these documents exist and were filed in the courts shown on the first page of each document, that is within the court's power and the court takes such notice.");

---

[12] Prime's counsel failed to meet and confer with undersigned counsel pursuant to Local Rule 7.1.
[13] The reference to Exhibit 3 in the opposition appears to be a typo. *See* Opp. at 19.

*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

D.  **Prime's Request for Leave to Amend the Complaint Should Be Denied[14]**

Prime's informal request for leave to amend—buried in a footnote on the last page of its opposition (Opp. at 20 n.16)—is insufficient and should be denied. "[L]eave to amend under Rule 15 is by no means automatic," and a plaintiff seeking leave to amend must do more than, "almost as an afterthought, [] tack[] on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Where a plaintiff merely "declares the sufficiency of her pleadings and does not offer a proposed amended complaint in response to Defendants' motion to dismiss," a request for leave to amend should be denied. *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 727 (N.D. Tex. 2019) (Lindsay, J.) (collecting cases); *see also* Local Rule 15.1(b) ("When a party files … a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit."). Here, Prime summarily "requests leave to amend its complaint to address any deficiencies, including, for example, by providing additional details about the circumstances in which Garcia's defamatory statements were made," but fails to articulate the purported details or how they would cure the defects.

Accordingly, Garcia respectfully requests this Court deny Prime's requests to strike and for leave to amend; grant his Motion to Dismiss and dismiss the Complaint with prejudice; and award him his attorneys' fees and costs in defending against this meritless action.

---

[14] Prime's counsel failed to meet and confer with undersigned counsel pursuant to Local Rule 7.1.

Dated: September 30, 2024  Respectfully submitted,
Dallas, Texas

**BLANK ROME LLP**

By: */s/ Barrett R. Howell*
    Barrett R. Howell
    TX Bar No. 24032311
    200 Crescent Court, Suite 1000
    Dallas, TX 75201
    Tel.: (972) 850-1450
    Fax: (972) 850-1451
    barrett.howell@blankrome.com

    Craig Weiner (*pro hac vice forthcoming*)
    NY Bar No. 2468239
    Reena Jain (*admitted pro hac vice*)
    NY Bar No. 5218862
    1271 Avenue of the Americas
    New York, NY 10020
    Tel.: (212) 885-5000
    Fax: (212) 885-5001
    craig.weiner@blankrome.com
    reena.jain@blankrome.com

*Counsel for Defendant Ryan Garcia*