IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRIME HYDRATION LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-1260-L** |
| | § | |
| **RYAN GARCIA,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant Ryan Garcia's ("Defendant" or "Mr. Garcia") Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Doc. 10), filed on August 26, 2024; Plaintiff Prime Hydration LLC's ("Plaintiff" or "Prime") Response in Opposition to Motion to Dismiss Brief in Support ("Response") (Doc. 14), filed on September 16, 2024; and Defendant's Reply Brief in Support of His Motion to Dismiss ("Reply") (Doc. 15), filed on September 30, 2024. Having considered Defendant's Motion to Dismiss, the pleadings, record, and applicable law, the court, for the reasons herein stated, **grants in part** and **denies in part** Defendant's Motion to Dismiss.

## I.    Background

On July 1, 2023, Prime Hydration LLC filed its Original Complaint for (1) Defamation; (2) Trade Libel; (3) Violations of [the] Lanham Act; (4) Unfair Competition; and (5) Unjust Enrichment ("Complaint") (Doc. 1), pursuant 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367. Plaintiff filed this action against Defendant and requests that the court grant relief for (1) defamation, (2) trade libel and business disparagement, (3) violation of the Lanham Act, (4) common law unfair competition, and (5) unjust enrichment. Doc. 1.

Prime is a Delaware Limited Liability Corporation with a principal place of business in Louisville, Kentucky, that develops hydration and energy drinks and hydration sticks. Doc. 1 at 3. Mr. Garcia is an American boxer from California. Def.'s Mot. to Dismiss 3. Prime and Mr. Garcia were once "on good terms," but have since separated. Doc. 1 at 1. Mr. Garcia has made several comments online through various social media platforms. *See generally,* Doc. 1.

## II.    Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit,* 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

III.    **Analysis**

A.  **Defamation**

Defendant contends that Prime fails to state a cause of action for defamation, and the court should dismiss this claim with prejudice. Def.'s Mot. to Dismiss 5. Mr. Garcia contends that the statements that Prime challenges are statements of opinion, not fact. *Id.*  He contends that in examining whether a statement is an opinion, courts follow a two-part test. *Id.* (citing *Dallas Morning News, Inc. v. Tatum,* 554 S.W. 3d 614, 639 (Tex. 2018)). Mr. Garcia first contends that the statements that Prime challenges are not verifiable facts and are nonactionable opinion statements. *Id.* at 6. He contends that the statements "horrible chemicals; poison the kids; your kid can be in danger; These are little kids really getting hurt; It's going to kill your guy's brains [and] mess up your [sic] guy's liver; that hurt you big time; and it's killing you,"  are all hyperbolic and not objectively verifiable facts. *Id.* (citations and internal quotation marks omitted). Second, he contends that these statements should be taken in their entire context because they were made on social media in the midst of a yearslong public feud between Mr. Garcia and Logan Paul, and a reasonable person would recognize the statements as opinion. *Id.* at 8. As a result, Mr. Garcia contends that this alone is grounds for dismissal of the defamation claim. *Id.* at 9.

Next, he contends that Prime does not sufficiently allege the requisite degree of fault, which is actual malice, because of Prime's status as a public figure. *Id.* at 11. Defendant contends that based on the allegations contained in the Complaint, Prime is a public figure. *Id.* He contends that to meet the standard, the court must consider (1) the notoriety of the corporation, (2) the nature of the corporation's business, and (3) the frequency and intensity of media scrutiny that the corporation normally receives. *Id.* (citing *Snead v. Redland Aggregates Ltd.*, 998 F.2d 1325, 1329 (5th Cir. 1993) (internal quotation marks omitted)). He contends that Prime alleges that it is a

beloved world-renowned brand, one of the fastest-growing beverage brands in history, and touts Logan Paul, a celebrity, as its owner and spokesperson. *Id.* (citations omitted). Moreover, Mr. Garcia contends that Prime's allegations, either alone or taken together, fail to meet the high pleading standard of actual malice. *Id.* at 12. Defendant contends that the relevant state of mind is whether it knew or had reason to believe the statement was false, not whether Defendant dislikes Plaintiff, which it does not sufficiently allege. *Id.* at 13. Finally, because the alleged statements do not constitute negligence per se, he contends that Prime does not sufficiently allege actual damages, which it is required to do. *Id.* at 14 (citations omitted).

**Plaintiff's Response**

In Response, Prime contends that it sufficiently pleads its defamation claim against Mr. Garcia. Pl.'s Resp. 5. It contends that the Complaint satisfies all of the elements necessary to establish its claim. *Id.* at 6. First, Prime contends that the Complaint plausibly alleges that Mr. Garcia published a multitude of verifiably false statements that defamed it. *Id.* Prime contends that Defendant's claims of testing positive for ostarine after drinking Prime, which is prohibited in the professional boxing league he competes in, is enough by itself to satisfy the defamation standard. *Id.* Further, it contends that Mr. Garcia "pays lip service" to the other 17 statements and fails to explain why each of them is not verifiably false. *Id.* Plaintiff contends that whether Prime contains "horrible chemicals," "poison," or "cyanide" are all things that can be objectively verified by analyzing its ingredients. *Id.* It also contends that Prime beverage's impact on children and whether it causes seizure, puts them in danger, causes them to get hurt, etc., are all capable of verification through medical analysis. *Id.* at 7 (citations and quotation marks omitted). Likewise, it contends that the crimes Mr. Garcia accuses Prime's personnel of committing, including human trafficking,

tying children up, rape, burning children, and its personnel worshipping the devil, are all verifiable if they were true. *Id.* (citations and quotation marks omitted).

Next, Plaintiff contends that Mr. Garcia's knowingly false statements are not protected opinion. *Id.* at 8. It contends that his statements meet none of the standards for opinion, and dismissing defamation claims at the pleadings stage based on opinion requires a finding that no reasonable person could conclude that the statements express or imply a verifiably false fact. *Id.* (citing *US Dominion, Inc. v. Powell,* 554 F. Supp. 3d 42, 57-58 (D.D.C. 2021) (quotation marks omitted)). It contends that it "easily" satisfies this standard at this stage. *Id.* Further, it contends that Mr. Garcia's representations that he has proof via undisclosed facts confirm that his statements are not merely unverifiable opinions but rather verifiable facts. *Id.* at 8-9 (citing Doc. 1, ¶¶ 32, 36, 39). Moreover, it contends that these assertions of proof make it possible for a reasonable person to examine the basis for the alleged statements, taking them out of the realm of non-actionable opinion. *Id.* at 9 (citation omitted).

Further, it contends that Defendant's accusations about committing heinous sex crimes also take his statements outside of opinion. *Id.* (citation omitted). It also contends that the court should not permit Mr. Garcia to transform his verifiably false statements into opinion merely because he couched false statements as hyperbole. *Id.* Moreover, Prime contends that even if Defendant's statements reflect his opinions, they are actionable because he bases them on incorrect, incomplete, or erroneous facts that he knows are false. *Id.* at 10 (citations and quotation marks omitted). Prime rejects Defendant's allegations that because he published his statements on the Internet, there is no expectation of accuracy, and the culture of the Internet excuses his defamation, and he points to no authority for this proposition. *Id.* (quotation marks omitted).

Next, it contends Mr. Garcia's arguments that "some of his videos might have opinions" do not move any of the 18 defamatory statements within the category of opinion. *Id.* Prime contends that where opinion and verifiable false statements are intertwined, the false statements still constitute defamation. *Id.* at 10-11 (citing *Scripps NP Operating, LLC v. Carter,* 567 S.W. 3d 1, 20-21 (Tex. App.—Corpus Christi-Edinburg 2016), *aff'd*, 573 S.W. 3d 781 (Tex. 2019) (even when "certain parts of [an article] may be fairly characterized as opinions," a defamation claim will still lie where "those opinions were supplemental to the underlying factual allegations"); *Turner v. KTRK Television, Inc.,* 38 S.W. 3d 103, 115 (Tex. 2000) ("a plaintiff can bring a claim for defamation when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way")). Further, Prime contends that it pleads the requisite level of fault, and Defendant's claim that it is a public figure should be rejected. *Id.* at 11 (citation omitted). It contends that even if it is a public figure for these purposes, which it does not concede, the Complaint sufficiently pleads actual malice. *Id.*

It contends that the Fifth Circuit imposes a low bar for pleading actual malice. *Id.* (citations omitted). Further, it contends that Mr. Garcia's injurious motive is a factor for malice despite his "baseless" assertions otherwise. *Id.* at 12 (citation omitted). Plaintiff contends that Defendant's dislike of it and some of its founders is relevant to malice because it drives his disregard for the truth given his publicly state goal to destroy Prime. *Id.* at 12 (citations omitted). Finally, Prime contends that it does not need to but does sufficiently plead damages. *Id.*  It contends that Defendant ignores the issue of defamation *per se*. *Id.* Prime contends that because he disparaged its goods through his lies in a "manner that implies that the manufacturer or vendor is dishonest, fraudulent, or incompetent," all 18 of his statements are defamation *per se*. *Id.* (citations omitted).

It contends that it does plead special damages, alleging that his lies caused it to "(1) lose millions in sales, (2) lose enterprise value, incur significant reputational harm, and suffer damage to its brand and goodwill, and (3) incur costs to correct the record." *Id.* at 13 (citations omitted).

In Reply, Defendant maintains that the defamation claim should be dismissed because Prime's opposition does nothing to overcome its failure to allege that he made a defamatory assertion of fact about the company and its products. Def.'s Reply 1. He contends that a reasonable reader would recognize the challenged statements as opinions. *Id.* Thus, this court should dismiss this defamation claim. *Id.* He contends that the statements are opinion and not fact. *Id.* Mr. Garcia contends that the statements made on social media in the midst of a yearslong public feud between Logan Paul and Mr. Garcia are neither objectively verifiable nor understood to convey verifiable facts. *Id.* (citations omitted). First, he contends that the challenged statement "[Mr. Garcia] has 'real proof' of Prime hydration drinks causing seizures in children, based on 'a lot of nurses,'" does not suggest that the other challenged statements are based on undisclosed facts. *Id.* (citations omitted). He contends that because Prime alleges that his proof from nurses is fabricated, a reasonable person would not interpret these statements to be based on undisclosed facts. *Id.* at 1-2 (citations omitted).

Further, he contends that the statements relating to Prime's alleged criminal activities are hyperbolic, and a reasonable person would not conclude that they are accusations with truth value. *Id.* at 2 (citations omitted). Defendant contends that Prime conflates opinion, falsity, and actual malice, but despite this, it does not sufficiently meet the actual malice standard. *Id.* (citations omitted). Further, he contends that the statements, when taken as a whole, are opinions. *Id.* at 3. He contends that even if the statements are factual, they are not false, and Prime cannot sufficiently plead facts to support the falsity element for each challenged statement. *Id.* Moreover, he contends

that Prime does not sufficiently allege actual malice and that it does not sufficiently allege actual damages. *Id.* at 3-4.

**Plaintiff Sufficiently Alleges a Claim for Defamation *Per Se.***

To bring a claim for defamation under Texas law, the plaintiff must establish the following elements: (1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages. *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 743 (5th Cir. 2019) (citing *In re Lipsky*, 460 S.W. 3d 579, 593 (Tex. 2015)). The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. *See Lipsky*, 460 S.W. 3d at 593. "In a defamation suit against a media defendant over a matter of public concern, the plaintiff bears the burden of proving falsity." *Walker,* 938 F.3d at 743. Further, in determining whether a statement is false in Texas, the court must apply the substantial truth doctrine, which precludes a plaintiff from recovery when a "publication . . . correctly conveys a story's 'gist' or 'sting' although erring in the details." *Id.* (citing *Turner v. KTRK Television, Inc.*, 38 S.W. 3d 103, 115 (Tex. 2000)).

First, the court must determine whether Prime is a public or private figure corporation. In making this determination, the court may consider (1) the notoriety of the corporation to the average individual in the relevant geographical area; (2) the nature of the corporation's business, such as whether it is a consumer goods maker or a consumer services corporation; and (3) the frequency and intensity of media scrutiny the corporation receives typically. *Snead v. Redland Aggregates Ltd.* 998 F.2d 1325, 1329 (5th Cir. 1993).

Applying the first *Snead* factor, the corporation's notoriety to the average individual in the relevant geographical area, Plaintiff alleged in its Complaint that Prime is a beloved world-renowned brand and one of the fastest-growing beverage brands in history. Doc. 1 at 1. Second, regarding the nature of the corporation's business, Prime makes and markets consumer products to the general public. *Id.* Third, the frequency and intensity of media scrutiny Prime typically receives. In its Complaint, it contends that it is world-renowned, and Mr. Garcia criticizes its products to at least 20 million people. The court determines that Mr. Garcia criticizing Prime to an audience of 20 million people on multiple occasions is sufficient to demonstrate the frequency of criticism. While these factors are not determinative, the court can conclude, based on the facts alleged, that Prime is a public figure corporation; therefore, the burden necessary to sufficiently allege defamation is actual malice.

Actual malice does not mean bad motive or ill will; instead, it means that the statement was made with knowledge of its falsity or with reckless disregard for its truth. *Walker*, 938 F.3d at 744 (citations omitted). As a result, the court must look at Mr. Garcia's attitude toward the truth and not his attitude toward Prime. *Id.* (citation omitted). To establish reckless disregard, Defendant must have entertained serious doubts about the truth of his published statements. *Huckabee v. Time Warner Entm't Co.,* 19 S.W. 3d 413, 420 (Tex. 2000). Thus, to defeat the Motion to Dismiss, Prime needs to establish that at least one of the statements made by Mr. Garcia was made at a time when he entertained serious doubts as to the truth of the statement.

Prime contends that Mr. Garcia made at least 18 distinct, knowingly false claims:

**Category 1: False statements about Prime's product ingredients:**
Statement 1 Prime's hydration products contain "horrible chemicals[.]" (*Id.* ¶¶ 3, 29, 33.) Statement 2 Prime's hydration products contain "poison[.]" (*Id.* ¶¶ 3, 29.) Prime's hydration products contain "cyanide." (*Id.* ¶¶ 3, 29.)
Statement 4 Garcia "tested positive for ostarine" because he "drank [P]rime[.]" (*Id.* ¶ 30.)

**Category 2: False statements about Prime's products' effects on children:**
Statement 5 Prime's hydration drink causes "seizures" in kids, based on "real proof" in Garcia's possession, which he did not disclose. (*Id.* ¶¶ 3, 31, 32, 39.)
Statement 6 Prime puts kids "in danger if they keep drinking" it. (*Id.* ¶ 31; *see also id*. ¶ 3.) Statement 7 "[L]ittle kids" who drink Prime are "really getting hurt[.]" (*Id.* ¶ 31; *see also id*. ¶ 3.) Statement 8 "[A] lot of nurses are hitting me up, speaking to me, saying that they have seen firsthand what this drink does to kids." (*Id.* ¶ 32; *see also id*. ¶ 39.)
**Category 3: False statements about Prime's products' effects on everyone:**
Statement 9 Prime's hydration drinks "are gonna kill your guys's brains[.]" (*Id.* ¶ 33.)
Statement 10 Prime's hydration drinks will "mess up your guys's liver[.]" (*Id.* ¶ 33.)
Statement 11 Prime's hydration drinks will "hurt you big time[.]" (*Id.* ¶ 33.)
Statement 12 Prime's hydration drinks are "killing you." (*Id.* ¶ 33.)
**Category 4: False statements about Prime's personnel:**
Statement 13 Prime's team is operating a "human trafficking" ring. (*Id.* ¶¶ 4, 34.)
Statement 14 Prime's team "tied [children] up[.]" (*Id.* ¶ 35.)
Statement 15 Prime's team "raped" children[.]" (*Id.* ¶ 35.)
Statement 16 Prime's team "burned them," referring to children. (*Id.* ¶ 35.)
Statement 17 Prime's team are "devil worshipers[.]" (*Id.* ¶ 35.)
Statement 18 Prime's team "work" with Satan. (*Id.* ¶ 35; *see also id*. ¶ 4.)

Pl.'s Resp. 3.

Plaintiff fails to allege specific facts to determine that Defendant knew the statement was false. *See generally* Docs. 1 and 14. Despite Plaintiff's contention that the courts in the Fifth Circuit impose a low bar for pleading actual malice, the cases it cites are not binding on this court, nor do they help Plaintiff meet its burden. Pl.'s Resp. 11 (citations omitted). Further, Plaintiff rests its argument largely on its contention that injurious motive is a factor for malice and Mr. Garcia's statements are injurious, which is enough. *Id.* (citing *Bentley v. Bunton*, 94 S.W. 3d 561, 584 (Tex. 2002)).

It also contends that when determining malice, courts are permitted to look at the following factors:

- "[I]nherently improbable assertions and statements made on information that is obviously dubious." *Bentley*, 94 S.W. 3d at 596; accord *St. Amant v. Thompson*,

390 U.S. 727, 733 (1968). "Reliance on a questionable source[.]" *Pep v. Newsweek, Inc.*, 553 F. Supp. 1000, 1003 (S.D.N.Y. 1983).

- "[A]bsence of any factual basis." Curran v. Philadelphia Newspapers, Inc., 546 A.2d 639, 642 (Pa. Super. 1988). "Purposeful avoidance of the truth[.]" *Bentley*, 94 S.W. 3d at 596.
- Making statements relating to a pre-conceived "story line." *See, e.g., Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 539 (7th Cir. 1982).
- Lack of expertise in the subject matter coupled with strong statements. *See, e.g., Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 158 (1967).

*Id.* The court disagrees.

The allegations are insufficient for Plaintiff to establish actual malice, however, the court determines that these allegations are sufficient to establish a claim for defamation *per se*.

In a claim for defamation *per se*, "[t]he words are so obviously hurtful that they require no proof that they caused injury in order for them to be actionable." *Fiber Sys. Int'l., Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W. 3d 380, 384 (Tex. App.— Waco 2005, no pet.) (internal quotation marks omitted)). Defamation is "delineated" into defamation *per se* and defamation *per quod*. *Hancock*, 400 S.W.3d at 63. A false statement will typically be classified as defamatory *per se* if it tends to injure "a person in [his] office, profession, or occupation." *Bedford v. Spassoff*, 520 S.W.3d 901, 905 (Tex. 2017) (citation and internal quotation marks omitted). "For example, accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct constitutes defamation *per se.*" *Dallas Morning News, Inc.*, 554 S.W.2d at 638 (cleaned up). Whether statements are defamatory *per se* is a matter of law to be decided by the court. *Id.* (citing *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W. 3d 563, 580 (Tex. App.—Austin 2007, pet. denied)). Defamation *per quod* is defamation that is not actionable *per se. Hancock*, 400 S.W. 3d at 64. Statements that are defamatory *per quod* are actionable only upon allegation and proof of damages. *Tex. Disposal Sys. Landfill, Inc.*, 219 S.W.3d at 580.

The alleged statements in category four regarding Prime's personnel are statements about criminal activity and sexual misconduct. Pl.'s Resp. 3. At this phase of litigation, these statements alone are sufficient to maintain Prime's claim for defamation. The court determines that Prime has sufficiently alleged facts necessary to establish a claim for defamation *per se*. Accordingly, Defendant's Motion to Dismiss Plaintiff's Defamation claim is **denied**.

### B. Trade Libel and Business Disparagement

Defendant contends that because Plaintiff's business disparagement claim is no different than its defamation claim, it should be dismissed, especially because it fails to allege special damages. Def.'s Mot. to Dismiss 15 (citations omitted). Further, he contends that proof of special damages is an essential part of this claim, and because Prime's allegations are conclusory, it cannot overcome this motion to dismiss. *Id.* at 15 (citation omitted). Mr. Garcia contends that Prime's allegations are threadbare and fall well short of the direct, pecuniary loss that Texas law requires to demonstrate special damages. *Id.* He contends that Prime fails to allege specific lost sales generally, "let alone specific lost sales" resulting from his statements. *Id.* at 15. As a result, Mr. Garcia requests that the court dismiss this claim with prejudice.

**Plaintiff's Response**

In Response, Prime contends that its business disparagement claim survives. Pl.'s Resp. 13. It contends that to the extent that Mr. Garcia hangs his hat on the issue of damages, its allegations are more than sufficient. *Id.* It contends that no direct evidence of pecuniary loss is necessary at the motion to dismiss stage. *Id.* (citation omitted).

In his Reply, he maintains his assertion that the business disparagement claim should be dismissed because Prime does not sufficiently allege special damages. Def.'s Reply 5. Moreover, he contends that Prime's conclusory allegations do not meet the requisite pleading standard. *Id.*

(citations omitted). He contends that Prime has alleged no facts from which the court can reasonably infer his statements caused it to suffer a pecuniary loss, and this claim should be dismissed. *Id.* at 5-6.

**<u>Plaintiff Does Not Sufficiently Allege a Claim for Business Disparagement.</u>**

To defeat a motion to dismiss for a business disparagement claim, a plaintiff must set forth allegations from which the court can reasonably infer that "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W. 3d 167, 170 (Tex. 2003) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W. 2d 762, 766 (Tex. 1987)). "To prove special damages, a plaintiff must provide evidence of direct, pecuniary loss attributable to the false communications of the defendants." *Id.* (quoting *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391(5th Cir. 1996)); *Hurlbut*, 749 S.W. 2d at 767; *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 692 (N.D. Tex. 2008). "[A] business disparagement defendant may be held liable 'only if he knew of the falsity or acted with reckless disregard concerning it, or if he acted with ill will or intended to interfere in the economic interest of the plaintiff in an unprivileged fashion.'" *Forbes Inc.*, 149 S.W. 2d at 170 (emphasis omitted) (quoting *Hurlbut*, 749 S.W. 2d at 766).

At the pleadings stage, Prime must allege sufficient facts for the court to draw a reasonable inference that it suffered special damages. In its Complaint, Prime contends that "Defendant's statements have, in fact, caused pecuniary loss to Prime's business" and that his statements "have hurt Prime's sales and damaged the value of its business." Doc. 1 ¶ 67. These statements alone are insufficient for the court to reasonably infer that Prime suffered special damages as a result of Mr. Garcia's statements. Prime has not proved that the disparaging communication played a substantial

part in inducing third parties not to deal with the plaintiff, resulting in a direct pecuniary loss that has been realized or liquidated. *See Encompass Off. Sols., Inc. v. Ingenix, Inc.,* 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011). Because Prime has not plausibly alleged that Mr. Garcia published false or disparaging information about it with malice or that it suffered special damages, his Motion to Dismiss as it relates to Prime's business disparagement claim is **granted.**

### C. Violation of the Lanham Act

Defendant contends that Prime's claims about the statements made on his personal social media account are without merit. Def.'s Mot. to Dismiss 16. First, he contends that Prime's statements did not occur in commercial advertising. *Id.* at 17. Mr. Garcia contends that Prime did not sufficiently meet any of the four elements necessary to establish that the challenged speech is commercial advertising or promotion. *Id.* (citing *Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d 1379, 1384 (5th Cir. 1996) (citation omitted)). Mr. Garcia contends that Prime did not prove the first or third elements, which are to show that the challenged communication is commercial speech and for the purpose of influencing consumers to buy defendant's goods or services. *Id.* He contends that Prime's allegation in the Complaint that he made statements "in an attempt to 'boost engagement with his online social media channels and further monetize his personal brand' and 'on information to belief, to sell tickets to his fights' are tenuous at best . . ." *Id.* (citation omitted). Moreover, he contends that there is no allegation that he attempted to influence customers to purchase tickets to his fights rather than Prime's drink products. *Id.* (citation omitted). Defendant also contends that Prime does not and cannot satisfy the second element, that the statements were made for the purpose of influencing consumers to buy the defendant's goods or services because he is not in commercial competition with Prime, and it has not alleged otherwise. *Id.* at 18.

Further, he contends that the statements are not false or misleading because they are non-actionable opinions of his, and to the extent that they are factual statements, they are substantially true. *Id.* Moreover, Mr. Garcia contends that Prime did not sufficiently allege that the statements materially deceived Prime's consumers or that the deception was material. *Id.* He contends that the Complaint simply parrots the elements. *Id.* (citation omitted). Finally, he contends that Prime does not sufficiently allege that the statements injured the company. *Id.* at 19 (citation omitted). He contends that Prime's allegation that his false and misleading statements damage its reputation and harm the goodwill it has developed is contradicted by its allegation that "Prime is a beloved world-renowned brand" and "Customers love Prime." *Id.* (citations omitted). Accordingly, he requests that the court dismiss this claim with prejudice.

Prime contends that it has sufficiently pleaded the elements necessary to establish a violation of the Lanham Act. Pl.'s Resp. 14. Prime contends that it has already addressed the issue of falsity and injury. *Id.* It contends that it has sufficiently alleged that Mr. Garcia's statements are commercial advertising. *Id.* Prime also contends that it sufficiently alleges that Mr. Garcia's personal brand is a business and that he is promoting his forthcoming competing drink company. *Id.* (citation omitted). Further, it contends that it sufficiently alleges that his statements materially deceive consumers. *Id.* Prime contends that people are less likely to buy Prime because Defendant scares them into thinking it is poison and its personnel are criminals, which is all that is required at this stage of litigation. *Id.* at 14-15 (citing *Time Warner Cable, Inc. v. DIRECTV, Inc.,* 497 F.3d 144, 153 (2d. Cir. 2007)). Moreover, it contends that Mr. Garcia does not offer a single legal authority suggesting that an award of attorney's fees can or should be based on a Rule 12(b)(6) dismissal of a Lanham Act claim and if the court were to dismiss this claim, such an early dismissal does not justify an award of attorney's fees. *Id.* at 15 (citations omitted).

Defendant maintains that Prime's attempt to remedy its federal false advertising claim is devoid of both applicable case law and factual support. Def.'s Reply 6. He contends that courts routinely dismiss Lanham Act claims when the court determines that the "challenged statements are causing consumers to refrain from transacting business with the plaintiff, as opposed to inducing them to purchase the defendant's goods or services instead." *Id.* (citations omitted). Moreover, he contends that Prime does not sufficiently allege that the statements materially deceived its customers. *Id.* at 7. Mr. Garcia contends that even if Prime does not need to allege consumer deception, it still needs to allege materiality, which it fails to do. *Id.* (citations omitted).

**<u>Plaintiff Alleges Facts Sufficient to State a Claim under the Lanham Act.</u>**

Section 43(a) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

60 Stat. 441, 15 U.S.C. § 1125(a)(1)(B).

To establish a prima facie case of false advertising under Section 43(a), the plaintiff must set forth sufficient allegations to show that the defendant made (1) a false or misleading statement of fact about a product; (2) the statement was deceptive; (3) the deception is material; (4) the product is in interstate commerce; and (5) the plaintiff has been injured or is likely to be injured as a result. *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 462 (5th Cir. 2001). "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.,* 227 F.3d 489, 495 (5th Cir. 2000).

The allegations in the Complaint are sufficient to support this claim. Plaintiff has sufficiently alleged that Defendant made false or misleading statements concerning the quality of Prime's drinks. It also has sufficiently alleged that Defendant made false or misleading statements about Prime personnel engaging in criminal activities. Second, it has been sufficiently established that some of the alleged statements are deceptive, including statements about Prime personnel engaging in criminal activity. Third, Plaintiff has sufficiently alleged that the deception as to the quality of the product is material in that it is likely to influence purchasing decisions. Fourth, there appears to be no dispute that Prime's products are in interstate dispute. Finally, it has been sufficiently alleged that Mr. Garcia's statements are likely to be injurious to Prime. Accordingly, the Motion to Dismiss is **denied** as it relates to this claim.

### D.  Common Law Unfair Competition

Mr. Garcia contends that Plaintiff's common law unfair competition claim should be dismissed because it is wholly premised on its Lanham Act claim. Def.'s Mot. to Dismiss 19 (citation omitted). He contends that even if the unfair competition claim is premised on another tort, those torts—and thus the unfair competition claim—are also subject to dismissal. *Id.* at 20 (citations omitted). Accordingly, he requests that the court dismiss this claim with prejudice.

**<u>Plaintiff's Response</u>**

In Response, Prime contends that dismissing this claim at this stage would be improper, as it alleges multiple independent torts to support that claim, including violations of the Lanham Act and business disparagement. Pl.'s Resp. 15 (citations omitted). Further, it contends that one of the authorities that Mr. Garcia relies upon was decided after a jury verdict or after summary judgment briefing. *Id.* (citations omitted).

In his Reply, Defendant maintains that because its unfair competition claim is premised on its false advertising and business disparagement claims. Def.'s Reply 7.

A common law unfair competition claim under Texas law is the same under federal law. *See Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 236 n. 7 (5th Cir.2010) ("A[n] . . . unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'").

For the reasons stated in the court's analysis of Prime's Lanham Act claim, the court determines that it has alleged facts sufficient to maintain a claim for common law unfair competition. Accordingly, Defendant's Motion to Dismiss, as it relates to this claim, is **denied**.

### E. Unjust Enrichment

Mr. Garcia contends that the unjust enrichment claim fails. He contends that as a threshold matter, unjust enrichment is not an independent cause of action under Texas law. Def.'s Mot. to Dismiss 20 (citing *Clapper v. Am. Realty Investors, Inc.,* 2019 WL 5865709, at *9 (N.D. Tex. Nov. 7, 2019) (Lindsay, J.) ("Texas law does not recognize an independent cause of action for unjust enrichment."); *Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011) (Lindsay, J.) ("Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action but instead a theory upon which an action for restitution may rest." (citation omitted)); *Hancock v. Chi. Title Ins. Co.*, 635 F. Supp. 2d 539, 561 (N.D. Tex. 2009) ("Texas law does not afford an independent cause of action for unjust enrichment.")). Further, Defendant contends that even if the claim were legally cognizable, Prime fails to allege that it is entitled to restitution under an unjust enrichment theory of recovery because unjust enrichment is limited to situations in which one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Id.* at 21 (citing *Heldenfels Bros., Inc. v. City*

*of Corpus Christi*, 832 S.W. 2d 39, 41 (Tex. 1992) (quotation marks omitted). Moreover, Mr. Garcia contends that Prime does not allege that he was unjustly enriched at Prime's expense, nor does it allege that there is an implied or quasi-contractual relationship in which he could have received such undue benefit. *Id.*

## Plaintiff's Response

In Response, Plaintiff contends that Texas state and federal courts have acknowledged confusion about whether it is an independent cause of action, and this confusion has been eliminated by more recent decisions. Pl.'s Resp. 16 (citing *Elias v. Pilo,* 781 F. App'x 336, 338 n. 3 (5th Cir. 2019)). It contends that the Fifth Circuit operates on the assumption that "unjust enrichment is an independent cause of action under Texas law that allows recovery when one person has obtained a benefit from another by fraud, duress, or taking an undue advantage." *Id.* (citing *Elias,* 781 F. App'x at 338).

In Reply, Defendant contends that the court does not recognize unjust enrichment as an independent cause of action under Texas law. Def.'s Reply 8 (citing *DeWolff, Boberg & Assocs. v. Pethick*, 2022 WL 4589161, at *1 (N.D. Tex. Sept. 29, 2022) (Lindsay, J.); *Clapper v. Am. Realty Investors, Inc.,* 2019 WL 5865709, at *9 (N.D. Tex. Nov. 7, 2019) (Lindsay, J.)).

## Plaintiff Does not Sufficiently Allege a Claim for Unjust Enrichment.

Since the court last decided this issue, the Fifth Circuit has recognized unjust enrichment as an independent claim. Courts of appeal appear to be split as to whether unjust enrichment is an independent cause of action. *Elias v. Pilo,* 781 F. App'x 336, 338 n.3 (5th Cir. 2019) (and cases cited therein). Despite this split and tension, the Fifth Circuit has held that "a party may still recover under the unjust enrichment theory . . . as long as it proves that the opposing party obtained a benefit . . . by fraud, duress, or the taking of an undue advantage." *Digital Drilling Data Sys.,*

*L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 n.11 (5th Cir. 2020) (internal quotation marks and citation omitted)). Likewise, the court will not decide whether this theory is an independent claim. Instead, it will treat it as a claim.

Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfels Bros. v. City of Corpus Christi,* 832 S.W. 2d 39, 41 (Tex. 1992). "Unjust enrichment occurs when someone has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts*, 300 S.W. 3d 348, 367 (Tex. App.—Dallas 2009, pet. denied). A plaintiff does not have a claim for unjust enrichment "merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall." *Heldenfels*, 832 S.W. 2d at 40.

Prime has failed to plead sufficient facts to establish a claim for unjust enrichment. Plaintiff alleges in a conclusory fashion that "Defendant's conduct is unjust, unfair, and inequitable, resulting in his own enrichment and monetary gain at the expense of Prime." Doc. 1 at 18. Prime has not shown that Mr. Garcia has obtained a benefit from it by fraud, duress, or the taking of undue advantage. The two parties do not appear to have an implied or quasi-contractual relationship in which the court can determine that Mr. Garcia received such undue benefit. Accordingly, the Motion to Dismiss is **granted** as it relates to Prime's unjust enrichment claim.

**F.  State Law Claims**

Finally, Mr. Garcia contends that the Texas Citizen Participation Act ("TCPA") requires the dismissal of claims I, II, IV, and V, the state law claims. Def.'s Mot. to Dismiss 21. He contends

that the TCPA is an anti-strategic lawsuit against public participation ("SLAP") statute designed to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law. *Id.* at 21 (citing Tex. Civ. Prac. & Rem. Code § 27.002). Defendant contends that because the state law claims are based on the exercise of his right of free speech, and Prime does not and cannot establish clear and specific evidence of a prima facie case for those claims, the court should dismiss the claims pursuant to the TCPA. *Id.* at 22.

Further, he contends that the statements made on his personal social media accounts and a third-party podcase are protected free speech. *Id.* Mr. Garcia contends that matters made in connection with a matter of public concern are covered by the TCPA, and matters of public concern include those regarding a public official, public figure, or celebrity. *Id.* (citation omitted). He contends that, as set forth in the Complaint, the statements he made are matters of public concern, which fall squarely within the TCPA's protections for free speech. *Id.* (citations omitted). Moreover, he contends that Prime does not meet its burden under the TCPA for its state law claims. *Id.* Finally, he contends that *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), does not prohibit the court from dismissing the state law claims pursuant to the TCPA. *Id.* at 23. He contends that even if the Federal Rules and the TCPA were in conflict at the time of the *Klocke* decision, that is no longer the case. *Id.* at 24 (citations omitted).

**Plaintiff's Response**

In Response, Prime contends that Mr. Garcia is inviting the court to ignore the Fifth Circuit's holding that the TCPA does not apply to diversity cases. Pl.'s Resp. 17 (citing *Klocke*, 936 F.3d at 245-46; Doc. 10 at 31-32). It contends that a district court in this circuit rejected Mr. Garcia's argument, in which the court held that the Texas Legislature did not amend the chapter

in a way that cured the issues with the overlap between 12(b)(6) dismissals and TCPA dismissals. *Id.* (citing *Parker v. Spotify USA, Inc.,* 569 F. Supp. 3d 519, 538-539 (W.D. Tex. 2021)). Further, it contends that even after the legislature changed this chapter, Defendant points to courts, including this, one that have held that the TCPA does not apply in federal courts. *Id.* (citations omitted). Prime contends that Mr. Garcia cites two decisions from the Ninth Circuit to argue that the California Anti-SLAPP statute is enforced in federal courts, so the TCPA should also be enforced. *Id.* at 18. It contends that ignoring those cases are not binding on this court. *Id.* (citations omitted).

In Defenant's Reply, he contends that the TCPA requires dismissal of the state law claims. Def.'s Reply 8. He contends that Prime has no clear and specific evidence to support claims it cannot adequately plead. *Id.* at 9.

## The TCPA Does Not Apply to This Action.

The court disagrees with Defendant's contention. This action is in the early stages of litigation, and because the TCPA imposes additional requirements beyond Rule 12, the court cannot dismiss the state claims because of the TCPA. *Klocke*, 936 F.3d at 245. In analyzing a motion to dismiss pursuant to Rule 12, the court may dismiss a case for failure to state a claim if, accepting all well-pleaded factual allegations as true, the complaint does not state a *plausible* claim for relief. *Iqbal*, 556 U.S. at 678. The TCPA, however, requires that the court "determine 'by a preponderance of the evidence' whether the action relates to a party's exercise of First Amendment rights." *Klocke,* 936 F.3d at 246 (citing Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3)). Further, the court must determine "whether there is 'clear and specific evidence' that a plaintiff can meet each element of his claim." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 27.005(c)). The burden imposed by the TCPA is more than that imposed by Rule 12. Accordingly, because this state

procedural law does not apply in federal court, the court **denies without prejudice** Defendant's Motion to Dismiss as it relates to the TCPA.

### G. Attorney's Fees and Costs

Mr. Garcia contends that upon dismissal of the Complaint, whether in whole or in part, he should be awarded attorney's fees and costs pursuant to the Lanham Act and the TCPA. Def.'s Mot. to Dismiss 24. He contends that because Prime's Lanham Act claim is devoid of merit, he is entitled to attorney's fees in successfully defending that claim. Further, he contends that the TCPA mandates an award of attorney's fees and costs to a successful movant. *Id.* As a result, he concludes that he must be awarded attorney's fees and costs incurred in successfully defending against the state law claims. *Id.* at 25.

Because the TCPA does not apply to this action and Prime's Lanham Act claims are not being dismissed, the court **denies** Defendant's request for attorney's fees.

## IV. Plaintiff's Objection (Doc. 14)

Prime contends that Mr. Garcia's reliance on a video and documents beyond the Complaint should be stricken. Pl.'s Resp. 19. It contends that Mr. Garcia's reliance on an apology video posted on TikTok, pleadings from other unrelated lawsuits, and a letter from Senator Chuck Schumer should be stricken as outside the scope of the pleadings. *Id.* at 19 (citations omitted). Moreover, Prime contends that despite the well-established law that a court may not consider evidence outside the Complaint in a Rule 12(b)(6) motion, Mr. Garcia attempts to introduce these additional items, none of which were attached to, referred to, or central to the Complaint. *Id.* (citations omitted). Prime contends that the court should not take judicial notice because the Fifth Circuit routinely rejects this approach at the pleading stage. *Id.* (citations omitted). Finally, it

contends that the court should not take judicial notice of the documents that Defendant relied on not contained in the Complaint. *Id.* at 20

Defendant contends that Prime's request to strike the motion to dismiss and appendix should be denied. Def.'s Reply 9. He contends that it is without merit and that the motion pursuant to Rule 12(f) is procedurally improper because this rule does not authorize the court to strike the Motion or Appendix. *Id.* (citations omitted). Further, he contends that although the challenged exhibits are not necessary for this court to dismiss the claims, it may consider them because they are matters of public record. *Id.* (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

Further, Defendant contends that Prime's request for leave to amend the Complaint should be denied. *Id.* at 10. He contends that Plaintiff's informal request was buried in a footnote on the last page of its Response, that it was insufficient, and that it should be denied. *Id.* He contends that "Where a plaintiff merely 'declares the sufficiency of her pleadings and does not offer a proposed amended complaint in response to Defendants' motion to dismiss,' a request for leave to amend should be denied." *Id.* (citing *Bailey v. Mansfield Indep. Sch. Dist.,* 425 F. Supp. 3d 696, 727 (N.D. Tex. 2019) (Lindsay, J.); *see also* Local Rule 15.1(b) ("When a party files . . . a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit.")).

Plaintiff's contentions are correct. A Rule 12(b)(6) motion typically cannot rely on evidence outside the Complaint. *George v. SI Grp., Inc.,* 36 F.4th 611, 619 (5th Cir. 2022) (citing *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank,* 838 F.3d 655, 660 (5th Cir. 2016)).  In limited circumstances, a "district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is . . . attached to the . . . motion, referred to in the complaint, and central to the plaintiff's claim; or . . . subject to

judicial notice." *Id.* (citations omitted). Accordingly, the court grants Plaintiff's request and **strikes** Defendant's Appendix (Doc. 11).

## V.     Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss (Doc. 10). Claims two and five are **dismissed without prejudice** for failure to satisfy the pleading requirements outlined in Rule 8 and 12(b)(6). The court **orders** Plaintiff to file an Amended Complaint by **5 p.m.** on **April 21, 2025**, that cures the deficiencies herein noted. Failure to comply with this directive will result in the dismissal with prejudice of claims one and two, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, or dismissal without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 31st day of March, 2025.

Sam A. Lindsay
United States District Judge